IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARION REED, individually and )
as Administrator of the )
Estate of BARBARA C. REED, )
JENNIFER EDSON, and RANDY )
REED, )
)
          Plaintiffs, )
)
   v. )          1:18CV720
)
REICHHOLD LIQUIDATION, INC., )
d/b/a Liquidating Reichhold, )
Inc., )
)
          Defendant. )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

    Presently before this court is a Motion for Summary Judgment filed by Defendant Reichhold Liquidation, Inc., ("Defendant"), (Doc. 123), to which Plaintiffs have responded, (Doc. 125), and Defendant has replied, (Doc. 126). This motion is ripe for adjudication. For the reasons stated herein, this court will deny Defendant's motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Parties

    Plaintiff Marion Reed is a resident of Iowa who appears in his individual capacity and as the Administrator of the Estate

of Barbara C. Reed. (Complaint ("Compl.") Doc. 1 ¶ 1.) Mr. Reed was married to Barbara Reed ("Mrs. Reed") for forty-one years, until the time of her death. (Id.) Plaintiff Jennifer Edson is the adult daughter of Barbara and Marion Reed and a resident of Iowa. (Id. ¶ 2.) Plaintiff Randy Reed is the adult son of Barbara and Marion Reed and a resident of Florida. (Id. ¶ 3.)

Prior to its bankruptcy in 2014, Defendant was a corporation formed in the state of Delaware. (Def.'s Br. in Supp. of Mot. for Summ. J. ("Def.'s Br.") (Doc. 124) at 4.)[1] Prior to 2014, its headquarters was at Research Triangle Park, North Carolina, and its principal place of business was in North Carolina. (Id.) In May 2016, Defendant emerged from Bankruptcy as a corporation called Liquidating Reichhold, Inc. (Id.) Defendant is now incorporated in the state of Delaware. (Id.)

## B.  **Procedural History**

Plaintiffs filed their Complaint in this court on August 20, 2018. (Compl. (Doc. 1).) Defendant filed an Answer on November 28, 2018. (Doc. 8.)

On February 12, 2020, the court granted Defendant's Motion in Limine to apply Iowa substantive law at trial and during any

---

[1]  All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

remaining procedural disputes. (Doc. 53.) Following discovery, Defendant filed an Amended Answer on May 19, 2020. (Doc. 107.)

On October 19, 2020, this court held a motion hearing regarding Defendant's Motion in Limine to Exclude Plaintiffs' Expert, Susan Raterman, (Doc. 54), following which Defendant's motion was denied without prejudice, subject to further review at trial. (Tr. of Mot. Hr'g (Doc. 131).) Following the hearing, this court also permitted Defendant to file a brief motion for reconsideration of the court's order denying their Motion for Leave to File Motion for Summary Judgment. (Id.) On December 3, 2020, Defendant filed a Motion for Leave to File, (Doc. 121), which this court granted, (Doc. 122).

On December 17, 2020, Defendant filed the instant Motion for Partial Summary Judgment, (Doc. 123), and accompanying brief, (Doc. 124). Plaintiffs replied on January 19, 2021, (Pls.' Resp. to Def.'s Mot. for Summ. J. ("Pls.' Resp.") (Doc. 125), and Defendant replied on February 2, 2021, (Def.'s Reply Br. in Supp. of Mot. for Summ. J. ("Def.'s Reply") (Doc. 126)).

This matter is set for a bench trial regarding the issue of spoliation of evidence on June 1, 2021, and for a jury trial as to the remaining issues in September 2021. (Minute Entry 02/23/2021.)

C.  **Factual Background**

Any material factual disputes will be specifically addressed in the relevant analysis. The facts described in this summary are taken in a light most favorable to Plaintiff. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Additional facts relevant to this order will be addressed in the analysis.

Mrs. Reed worked for the Square D manufacturing plant in Cedar Rapids, Iowa, in a variety of jobs from March 1972 to August 1976. (Def.'s Br. (Doc. 124 at 2-3.) Mrs. Reed died on August 21, 2017, from mesothelioma. (Id. at 2.) Plaintiffs allege that Mrs. Reed developed mesothelioma after working with and around asbestos-containing phenolic molding compounds at the Square D manufacturing plant. (Id. at 2-3; Compl. (Doc. 1) ¶ 9.) Plaintiffs allege that Defendant supplied the asbestos-containing molding compounds to Square D which led to Mrs. Reed's illness. (See Compl. (Doc. 1) ¶¶ 55-65.)

II.  **STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to

- 4 -

judgment as a matter of law." Fed. R. Civ. P. 56(a)[2]; see Celotex
Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This court's
summary judgment inquiry is whether the evidence "is so one-
sided that one party must prevail as a matter of law." Anderson
v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The moving
party bears the initial burden of demonstrating "that there is
an absence of evidence to support the nonmoving party's case."
Celotex Corp., 477 U.S. at 325. If the "moving party discharges
its burden . . . , the nonmoving party must come forward with
specific facts showing that there is a genuine issue for trial."
McLean v. Patten Cmtys., Inc., 332 F.3d 714, 718-19 (4th Cir.
2003) (citing Matsushita Elec. Indus. Co., 475 U.S. at 586-87).
Summary judgment should be granted "unless a reasonable jury
could return a verdict in favor of the nonmoving party on the
evidence presented." Id. at 719 (citing Liberty Lobby, 477 U.S.
at 247-48).

When considering a motion for summary judgment, courts must
"construe the evidence in the light most favorable to . . . the
non-moving party. [Courts] do not weigh the evidence or make

_____

[2] The parties routinely cite to Iowa's standard for summary
judgment. (Def.'s Br. (Doc. 124) at 9-10); Pls.' Resp. (Doc.
125) at 15.) However, "[a] federal standard determines the
sufficiency of the evidence for submission of an issue to a
jury," Jones v. Meat Packers Equip. Co., 723 F.2d 370, 372 (4th
Cir. 1983), not Iowa's standard.

- 5 -

credibility determinations." <u>Wilson v. Prince George's Cnty.</u>, 893 F.3d 213, 218-19 (4th Cir. 2018).

"Under the familiar <u>Erie</u> doctrine, [courts] apply state substantive law and federal procedural law when reviewing state-law claims." <u>Kerr v. Marshall Univ. Bd. of Governors</u>, 824 F.3d 62, 74 (4th Cir. 2016); <u>see also</u> <u>Fitzgerald v. Manning</u>, 679 F.2d 341, 346 (4th Cir. 1982) ("[W]hether there is sufficient evidence to create a jury issue of those essential substantive elements of the action, as defined by state law, is controlled by federal rules."). This court will apply Iowa substantive law in this matter. (<u>See</u> Doc. 53.)

## III. **<u>ANALYSIS</u>**

### A. **<u>Parties' Arguments</u>**

Defendant moves for summary judgment as to all of "Plaintiffs' claims against Reichhold Liquidation, Inc." (Doc. 123 at 2.)[3] Defendant argues that the evidence establishes that Square D's conduct was the sole proximate cause of Mrs. Reed's injuries, and accordingly, Defendant is insulated from any liability under Iowa law pursuant to the "sole cause of the employer" defense, (Def.'s Br. (Doc. 124) at 5), as Square D

---

[3] Although coded in CM/ECF as a Motion for Partial Summary Judgment, (Docket Entry 12/17/2020), during a status conference held on February 23, 2021, all parties confirmed that Defendant's motion is one for full summary judgment.

failed "to institute asbestos safety precautions, including respiratory protection," (id. at 7).

In their response, Plaintiffs argue that this court should not grant summary judgment because the issue of sole proximate cause should be left to the jury to decide, (Pls.' Resp. (Doc. 125) at 9-12), evidence of Occupational Safety and Health Administration ("OSHA") violations are not relevant to the sole proximate cause defense, (id. at 12-13), and Reichhold was at fault in a way that enhanced and contributed to the danger to Mrs. Reed such that Square D could not have been the sole proximate cause of Mrs. Reed's injury, (id. at 13-15).

In their Reply, Defendant argues that Plaintiffs have not presented evidence that Mrs. Reed worked with or around any Reichhold molding compounds that contained asbestos, and thus, a reasonable fact-finder could conclude that a cause other than Reichhold's products caused Mrs. Reed's death.[4] (Def.'s Reply (Doc. 126 at 2-5.)

---

[4] During a status conference held February 23, 2021, Defendant stated that the conduct of Square D, as Mrs. Reed's employer, is the conduct at issue, not Defendant's conduct, when proving whether Square D was the sole proximate cause of Mrs. Reed's injury. As is apparent from this court's analysis, this court agrees and finds that it is not necessary to determine at this stage in the proceedings whether Defendant supplied asbestos-containing materials to Square D. Instead, Defendant bears the burden of proving that the conduct of Square D occurred and that the conduct of Square D was the only
(Footnote continued)

Case 1:18-cv-00720-WO-JLW   Document 133   Filed 04/16/21   Page 7 of 28

## B. **The Sole Proximate Cause Defense**

### 1. **Historical Application**

"The sole proximate cause defense has long been recognized in Iowa." Sponsler v. Clarke Elec. Coop., Inc., 329 N.W.2d 663, 665 (Iowa 1983) (citing Johnson v. McVicker, 216 Iowa 654, 658, 247 N.W. 488, 490 (1933).) The defense has historically been a complete bar to liability, with a defendant manufacturer or supplier in a product liability matter asserting that the plaintiff's employer or another third party was the sole proximate cause of an injured plaintiff's damages, see Chumbley v. Dreis & Krump Mfg. Co., 521 N.W.2d 192, 194 (Iowa Ct. App. 1993); Johnson v. Interstate Power Co., 481 N.W.2d 310, 323-24 (Iowa 1992), "even when a third party alleged to be responsible for the injury is not joined in the case," Sponsler, 329 N.W.2d at 665. Historically, "[t]he rule has been applied in negligence, strict-liability, and breach-of-warranty cases . . . ." Weyerhaeuser Co. v. Thermogas Co., 620 N.W.2d 819, 824 (Iowa 2000).

Although a plaintiff ordinarily "has the burden to prove the requisite causal connections between the defendant's alleged

proximate cause of Mrs. Reed's injury. See Iowa Civil Jury Instructions § 700.5, https://cdn.ymaws.com/sites/ www.iowabar. org/resource/resmgr/files/Linked_12-17_Civil_Jury_Inst.pdf (last visited Apr. 12, 2021).

- 8 -

negligence and the injury," defendants have the burden of proof

to establish the elements of the defense, Chumbley, 521 N.W.2d

at 194 (citing Sponsler, 329 N.W.2d at 665); those elements

require proof that (1) "[t]he conduct of plaintiff's employer

occurred" and (2) that "[t]he conduct of plaintiff's employer

was the only proximate cause of plaintiff's damages," id. at

193; see also Iowa Civil Jury Instructions § 700.5,

https://cdn.ymaws.com/sites/www.iowabar.org/resource/resmgr/

files/Linked_12-17_Civil_Jury_Inst.pdf (last visited Apr. 12,

2021).

## 2. Changes to Iowa Law in 2009

Prior to 2009, Iowa courts followed the approach advocated

by the Restatement (Second) of Torts, in which "a defendant's

conduct [was] a legal or proximate cause of the plaintiff's

damages" if "(a) his conduct [was] a substantial factor in

bringing about the harm, and (b) there [was] no rule of law

relieving the actor from liability." Thompson v. Kaczinski, 774

N.W.2d 829, 836 (Iowa 2009).

In 2009, in Thompson v. Kaczinski, the Iowa Supreme Court

announced that it would no longer use the formulation of legal

or proximate cause supplied by the Restatement (Second) of Torts

and instead, was adopting that of the Restatement (Third) of

Torts. Id. at 837-39. The Iowa Supreme Court recognized that the

term "proximate cause" had "been the source of significant uncertainty and confusion" because it was understood as conflating "factual determinations (substantial factor in bringing about harm) with policy judgments (no rule of law precluding liability)." Id. at 836-37.

As the drafters of the Restatement (Third) of Torts note in their comments, "[t]he 'substantial factor' requirement for legal cause in the Second Restatement of Torts has often been understood to address proximate cause, although that was not intended." Restatement (Third) of Torts: Phys. & Emot. Harm § 29 cmt. a (2010). Because the drafters believed that the term "proximate cause" erroneously implies that the only cause of plaintiff's harm is the cause "nearest in time or geography to the plaintiff's harm," and obscures the fact that "[m]ultiple factual causes always exist . . . and multiple proximate causes are often present," the drafters explicitly disclaimed use of the term "proximate cause" when formulating the approach of the Restatement (Third). Id.; see also id. § 34 cmt. f. (advising courts to avoid the term).

Under the new approach, proximate cause is now known as "scope of liability," and this element is addressed separately from factual causation. Id. An actor's "scope of liability" is defined as being "limited to those physical harms that result

- 10 -

from the risks that made the actor's conduct tortious."
Kaczinski, 714 N.W.2d at 838. The Iowa Supreme Court indicated
that "foreseeability is still relevant in scope-of-liability
determinations." Id. at 839. Citing the comments by the drafters
of the Restatement (Third) of Torts, the Iowa Supreme Court held
that "[w]hen scope of liability arises in a negligence case, the
risks that make an actor negligent are limited to foreseeable
ones, and the factfinder must determine whether the type of harm
that occurred is among those reasonably foreseeable potential
harms that made the actor's conduct negligent." Id. (citing
Restatement (Third) of Torts § 29 cmt. j (2010)) (internal
quotations and citations omitted). The Iowa Civil Jury
Instructions developed by the Iowa State Bar Association
indicate that a "harm is within the scope of a defendant's
liability if that harm arises from the same general types of
danger that the defendant should have taken reasonable steps . .
. to avoid." Iowa Civil Jury Instructions § 700.3A,
https://cdn.ymaws.com/sites/www.iowabar.org/resource/resmgr/file
s/Linked_12-17_Civil_Jury_Inst.pdf (last visited Apr. 12, 2021).

Following the Iowa Supreme Court's decision in Kaczinski,
the Iowa Supreme Court confirmed its decision to follow the
Restatement (Third) of Torts. See, e.g., Alcala v. Marriott
Int'l, Inc., 880 N.W.2d 699, 712 (Iowa 2016) (acknowledging that

- 11 -

the court adopted § 7 of the Restatement (Third) of Torts in Kaczinski); <u>Crow v. Simpson</u>, 871 N.W.2d 98, 106 (Iowa 2015) (citing § 29 of the Restatement (Third)); <u>Hoyt v. Gutterz Bowl & Lounge L.L.C.</u>, 829 N.W.2d 772, 776 (Iowa 2013) (relying on § 40 of the Restatement (Third)); <u>State v. Tribble</u>, 790 N.W.2d 121, 127 (Iowa 2010) (applying § 26 and § 27 of the Restatement (Third)).

### 3. **Kaczinski's Impact on the Sole Proximate Cause Defense**

Given the conceptual differences between the Restatement (Second) and the Restatement (Third), it is not clear what effect the <u>Kaczinski</u> decision has had on the availability of the sole proximate cause defense. Indeed, the drafters of the Restatement (Third) acknowledged that courts following the Restatement (Second)'s approach had "employ[ed] the doctrine of 'sole proximate cause' to limit the liability of a defendant." Restatement (Third) of Torts: Phys. & Emot. Harm § 34 cmt. f (2010). As a result, the drafters advised courts adopting the Restatement (Third) to "avoid[ ]" the term. <u>Id.</u> Similarly, although the Iowa Bar Association's Iowa Civil Jury Instruction on sole proximate cause presents the elements of the sole proximate cause defense, the drafting committee stated in the comments that it "takes no position on the validity of this instruction after <u>Thompson v. Kaczinski</u> . . . ." Iowa Civil Jury

- 12 -

Instructions § 700.5, https://cdn.ymaws.com/sites/
www.iowabar.org/resource/resmgr/files/Linked_12-17 Civil Jury
Inst.pdf (last visited Apr. 12, 2021).

### a. Authorities Cited by the Parties Are Not Persuasive

The parties argue that the sole proximate cause defense
survived Kaczinski, (Def.'s Br. (Doc. 124) at 5-7; Pls.' Resp.
(Doc. 125) at 11), but this court does not find these cited
authorities persuasive. Defendant cites only cases that preceded
the decision in Kaczinski in support of their position. (See
Def.'s Br. (Doc. 124) at 5-7 (citing Chumbley, 521 N.W.2d at
193-94 (decided in 1993); Johnson, 481 N.W.2d at 323-24 (decided
in 1992); Renze Hybrids, Inc. v. Shell Oil Co., 418 N.W.2d 634,
641-42 (Iowa 1988); Sponsler, 329 N.W.2d at 663-65 (decided in
1983)).) Plaintiffs acknowledge that Kaczinski changed Iowa tort
law, but argue that "[i]nconveniently for the Reed family," the
sole proximate cause defense "has survived Kaczinski," citing
the Iowa Supreme Court's decision in Brokaw v. Winfield-Mt.
Union Community School District, 788 N.W.2d 386, 393 (Iowa
2010). (Pls.' Resp. (Doc. 125) at 11.)

In Brokaw, parents of an injured basketball player brought
an assault and battery action against the player whose elbow had
struck their son in the head during a basketball game, as well
as against the opposing player's school district. Brokaw, 788

- 13 -

N.W.2d at 388. Among other claims, the parents asserted that their son's injuries did "not qualify as intervening causes because an intervening cause exists when an independent and unforeseeable intervening or secondary act of negligence occurs, after the alleged tortfeasor's negligence, and that secondary act becomes the sole proximate cause of the plaintiff's injuries." Id. at 390 (internal quotations omitted). Although the district court had originally decided the matter prior to the decision in Kaczinski and had applied the approach from the Restatement (Second) of Torts, see id. at 391, to find that a battery had occurred, id. at 390, the Iowa Supreme Court held that the district court did not err because it properly applied the foreseeability analysis which would have been required under the new formulation prescribed by the Restatement (Third) of Torts. See id. at 391-94.

This court does not find Plaintiffs' citation of Brokaw to be unequivocal evidence that the sole proximate cause defense has survived. As Plaintiffs acknowledge, (Pls.' Resp. (Doc. 125) at 11 n.1), both the district court and the Iowa Supreme Court decided Brokaw based on the elements of duty and breach of duty, rather than causation, Brokaw, 788 N.W.2d at 390-94. Although Plaintiffs may be correct that the Iowa Supreme Court decided the case as "a duty and breach of duty case because that is how

- 14 -

the pre-<u>Kaczinski</u> lower court addressed it," (Pls.' Resp. (Doc. 125) at 11 n.1), this court does not regard the fact that the <u>Brokaw</u> court did not overturn the district court's decision as clear evidence that the sole proximate cause defense survived. Indeed, the words "sole proximate cause" appear only once in the opinion, in the court's recitation of the facts. See <u>Brokaw</u>, 788 N.W.2d at 390.

### b.   The Iowa Supreme Court has not Directly or Indirectly Addressed this Issue

As a federal court sitting in diversity jurisdiction, this court is bound to apply the jurisprudence of Iowa's highest court. See <u>Private Mortg. Inv. Servs., Inc. v. Hotel & Club Assocs., Inc.</u>, 296 F.3d 308, 312 (4th Cir. 2002). Upon careful research, however, this court has not found a decision in which the Iowa Supreme Court has directly endorsed or disclaimed continued use of the sole proximate cause defense following <u>Kaczinski</u>.

This court finds only one mention of the sole proximate cause defense by the Iowa Supreme Court since 2009. In that case, in which the jury was instructed as to sole proximate cause in a medical malpractice action, the court stated that "[t]he concept of sole proximate cause is problematic at best in a medical malpractice action against a mental health professional treating a suicidal patient," acknowledging that,

- 15 -

in prior cases, the court had held that "juries should not be instructed on sole proximate cause or superseding cause based on the foreseeable negligence of third parties when the defendant owed a duty to protect plaintiff from such harm." Mulhern v. Catholic Health Initiatives, 799 N.W.2d 104, 122 (Iowa 2011). However, the Iowa Supreme Court did not cite its decision in Kaczinski. See id. For this reason, this court does not infer from this Iowa Supreme Court opinion that the defense has survived under a Restatement (Third) approach to torts.

With very few exceptions, the Iowa Supreme Court has increasingly employed the term "scope of liability" from the Restatement (Third) when addressing tort claims, rather than "proximate cause" from the Restatement (Second). See, e.g., Alcala, 880 N.W.2d at 712; Crow, 871 N.W.2d at 106; Hoyt, 829 N.W.2d at 776; Tribble, 790 N.W.2d at 127; see also See S. Ins. Co. v. CJG Enters., Inc., No. 3:15-cv-00131-RGE-SBJ, 2017 WL 3453369, at *9 (S.D. Iowa Feb. 10, 2017) (finding that the term "sole proximate cause" arises infrequently in Iowa case law after 2009).

Where the court does continue to use the term "sole proximate cause," it is in limited circumstances. For example, in Burkhalter v. Burkhalter, 841 N.W.2d 93 (Iowa 2013), in which the Iowa Supreme Court determined that the jury instructions on

- 16 -

the issue of undue influence were not repetitious, id. at 94-95,
the Iowa Supreme Court analogized the instructions given in
other cases, including one sole proximate cause case from 1970,
id. at 107 (citing Andrews v. Struble, 178 N.W.2d 391, 400 (Iowa
1970)). This court finds this reference to sole proximate cause
to be incidental, as the court's decision is limited to the
structure of "jury instructions that build upon concepts of
law," rather than an endorsement of the sole proximate cause
defense. Id.

Similarly, in Amish Connection, Inc. v. State Farm Fire and
Casualty Co., 861 N.W.2d 230 (Iowa 2015), a case involving
whether an insurance policy covered concurrent and intervening
causes to an accident, id. at 241, the Iowa Supreme Court
recognized that, in the past, it has "held an accident that has
two independent causes, one of which is covered and one
excluded, is covered unless the excluded cause is the sole
proximate cause of injury." Id. at 241-42 (citing Grinnell Mut.
Reinsurance Co. v. Emps. Mut. Cas. Co., 494 N.W.2d 690, 693-94
(Iowa 1993); Kalell v. Mut. Fire & Auto. Ins. Co., 471 N.W.2d
865, 868 (Iowa 1991)). In Amish Connection, the Iowa Supreme
Court held that "under the unambiguous terms of [the insurer's]
policy," the damage from the concurrent cause was not an insured
loss. Id. at 243. It is not clear from the court's analysis,

- 17 -

however, whether this was an explicit recognition of the sole proximate cause defense, as the court's analysis appears to be limited to the terms of the insurance policy. Id. at 241-43.

Based on this research, this court does not find that the Iowa Supreme Court has directly or indirectly addressed whether the sole proximate cause defense survives the adoption of the Restatement (Third) in Kaczinski.

### c. Other Authorities Provide a Compelling Argument for Why the Defense does not Persist

"[I]n a situation where the [Iowa] Supreme Court has spoken neither directly nor indirectly on the particular issue before us, [this court is] called upon to predict how that court would rule if presented with the issue." Private Mortg. Inv. Servs., 296 F.3d at 312. This court may rely on intermediate appellate court decisions to "constitute the next best indicia of what state law is, although such decisions may be disregarded if [this] court is convinced by other persuasive data that the highest court of the state would decide otherwise," including by relying on "restatements of the law, treatises, and well considered dicta." Id. (internal citations and quotations omitted).

Decisions from the Iowa Court of Appeals, Iowa's intermediate appellate court do not assist this court in

- 18 -

determining whether the defense survived Kaczinski. The Iowa Court of Appeals has decided only one case regarding the sole proximate cause defense since 2009. See Schmitt v. Koehring Cranes, Inc., 798 N.W.2d 491 (Iowa Ct. App. 2011). In that case, decided in 2011, the court cited only cases that pre-dated Kaczinski to find that the instruction was not applicable, and thus, that the district court did not err by not instructing the jury as to the defense. Id. at 497-98. Because the appellate court did not cite Kaczinski, this court cannot infer from the appellate court's analysis whether it considered the implications of a shift to the Restatement (Third) on the defense's availability.

In several cases following Kaczinski, the Iowa Court of Appeals has used the term "sole proximate cause" or analyzed whether an event could be found to be a sole proximate cause outside of the context of a sole proximate cause defense, but the court has never cited Kaczinski or addressed the implications of Kaczinski in its analysis. See, e.g., Brinck v. Siouxland Mental Health Ctr., No. 17—1774, 2018 WL 4360994, at *5 (Iowa Ct. App. Sept. 12, 2018); Salem United Methodist Church of Cedar Rapids v. Church Mut. Ins. Co., No. 13-2086, 2015 WL 1546431, at *3-4 (Iowa Ct. App. Apr. 8, 2015); Moad ex rel. Moad v. Gary Jensen Trucking, Inc., No. 14-0164, 2015 WL 1063049, at

- 19 -

*7 (Iowa Ct. App. Mar. 11, 2015); <u>Est. of Haakenson ex. rel.</u>
<u>Haakenson v. Chicago Cent. & Pac. R.R. Co.</u>, No. 13-1127, 2014 WL
957609, at *4 (Iowa Ct. App. Mar. 12, 2014); <u>Metro. Prop. & Cas.</u>
<u>Ins. Co. v. Cowie</u>, No. 12-1945, 2013 WL 1751291, at *3 (Iowa Ct.
App. Apr. 24, 2013). In one such decision, the court explicitly
applied the "substantial factor" test for proximate cause from
the Restatement (Second), rather than that of the Restatement
(Third). <u>Serratos v. Tyson Foods</u>, No. 11-1186, 2012 WL 1439055,
at *7 (Iowa Ct. App. Apr. 25, 2012).

Between 2009 and 2011, other federal courts in Iowa
confronted with the issue of the sole proximate cause defense
relied only on Iowa cases decided before 2009, without
acknowledging <u>Kaczinski</u>, and appear to have assumed, without
deciding, that the defense persists. See <u>Stults v. Int'l Flavors</u>
<u>& Fragrances, Inc.</u>, 56 F. Supp. 3d 958, 964-65 (N.D. Iowa 2014);
<u>Nationwide Agribusiness Ins. Co. v. SMA Elevator Constr. Inc.</u>,
816 F. Supp. 2d 631, 681 (N.D. Iowa 2011); <u>Union Cnty., Iowa v.</u>
<u>Piper Jaffray & Co.</u>, No. 4:06-CV-374, 2010 WL 11465479, at *9
n.8 (S.D. Iowa Nov. 22, 2010).

Moreover, since 2011, only one federal district court in
Iowa has dealt directly with the issue of the sole proximate
cause defense under Iowa law. That court decided not to submit a
sole proximate cause defense to the jury, acknowledging that

although the Iowa Supreme Court has previously recognized the sole proximate cause defense, <u>Dahlin v. Lyondell Chem. Co.</u>, No. 3:14-cv-00085-SMR-HCA, 2016 WL 4690390, at *6 (S.D. Iowa Mar. 24, 2016) (citing <u>Sponsler</u>, 329 N.W.2d at 665), "this proclamation preceded the Iowa Supreme Court's adoption of . . . the Restatement (Third) of Torts in <u>Thompson v. Kaczinski.</u>" <u>Id.</u> After <u>Kaczinski</u>, "the Iowa Supreme Court has increasingly turned to the Restatement (Third)," which "labels the sole proximate cause defense 'confusing' . . . ." <u>Id.</u> (internal citations omitted). The federal district court concluded that the Restatement (Third) of Tort's "criticisms" of the term were "valid and suspect[ed] the Iowa Supreme Court would, as well." <u>Id.</u> <u>See also</u> <u>Dahlin v. Lyondell Chem. Co.</u>, Case No. 3:14-cv-00085-SMR-HCA, 2016 WL 4136769, at *24 (S.D. Iowa July 12, 2016), <u>vacated on other grounds</u>, 881 F.3d 599 (8th Cir. 2018) (on a subsequent motion for a new trial, reiterating that the court "finds the logic of the Restatement (Third) persuasive and predicts the Iowa Supreme Court would, as well," thus, "buttress[ing] the Court's conclusion that it properly omitted Defendants' requested sole proximate cause instruction").

     d.    <u>**This Court will not Permit Defendant to Raise the Sole Proximate Cause Defense**</u>

This court is persuaded by the federal district court's decision in <u>Dahlin</u>, as well as the comments to the Restatement

- 21 -

(Third) of Torts, that the Iowa Supreme Court, if presented with
this issue, would abandon the sole proximate cause defense. As
the drafters indicate, the term "sole proximate cause" is the
product of a misinterpretation of the Restatement (Second) of
Tort's approach to causation, Restatement (Third) of Torts:
Phys. & Emot. Harm § 34 cmt. a (2010), that "incorrectly implies
that there can be only one proximate cause of harm" and
"obscures a more direct and precise explanation for denying
liability," id. § 34 cmt. f. Under the Restatement (Third) of
Torts, which the Iowa Supreme Court has expressly adopted, see
discussion supra Section III.B.2, when "an independent act is
also a factual cause of harm, an actor's liability is limited to
those harms that result from the risks that made the actor's
conduct tortious." Restatement (Third) of Torts: Phys. & Emot.
Harm § 34 (2010). Determining whether "the risks that make an
actor negligent are limited to foreseeable ones, and the
factfinder must determine whether the type of harm that occurred
is among those reasonably foreseeable potential harms that made
the actor's conduct negligent," Kaczinski, 774 N.W.2d at 839
(quoting Restatement (Third) of Torts: Phys. & Emot. Harm § 29
cmt. j), is a fundamentally different inquiry, this court finds,
from determining whether a cause was "the only proximate cause."
Johnson, 481 N.W.2d at 323.

For these reasons, this court does not find, as a matter of law, that Defendant may raise the sole proximate cause defense under Iowa law following the Iowa Supreme Court's decision in Kaczinski. Because Defendant has not carried its initial burden of demonstrating "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp., 477 U.S. at 325, this court will not grant summary judgment.

    **4.**   **Even if the Defense were available, a Genuine Dispute of Material Fact would remain as to Sole Proximate Cause**

Although this court finds that the sole proximate cause defense is no longer applicable under Iowa law following the Iowa Supreme Court's adoption of the Restatement (Third) in Kaczinski, this court finds that, were the defense available, summary judgment would still not be appropriate, because a genuine dispute of material fact remains as to whether Square D's alleged failure to institute asbestos safety precautions, including respiratory protection, was the sole proximate cause of Mrs. Reed's injury. (See Def.'s Br. (Doc. 124) at 7.)

First, Defendant's evidence of OSHA violations at Square D's facility may not establish that Square D was negligent. As factual support for the existence of OSHA violations, Defendant cites the testimony of Susan Raterman, Plaintiffs' industrial hygienist, and Defendant argues that "in 1973, there were OSHA

- 23 -

violations for failure to provide medical monitoring to those exposed or potentially exposed to asbestos at Square D," (id. at 7 (citing (Doc. 124-4) Ex. D at 4-5), and that "Square D was aware of potential hazards of asbestos and aware of the OSHA regulations governing those hazards," (Id. at 8 (citing (Doc. 124-4) Ex. D at 6).) Moreover, Defendant cites the testimony of Carl A. Brodkin, Plaintiffs' medical expert, who testified that "the Square D facility had an elevated level of asbestos and was 'certainly [] in violation of OSHA standards.'" (Id. (citing (Doc. 124-6) Ex. F at 3-4).)

However, even if this court could conclude that the OSHA violations occurred, the Iowa Supreme Court has held that "OSHA standards were designed to protect employees from unsafe conditions in the workplace created or permitted by the employer" and "were not intended to establish negligence per se in an action by an employee against a third party." Leaf v. Goodyear Tire & Rubber Co., 590 N.W.2d 525, 537 (Iowa 1999). For these reasons, violations of OSHA regulations may not establish the proximate cause defense. Kuta v. Newberg, 600 N.W.2d 280, 285-86 (Iowa 1999) (citing Leaf, 590 N.W.2d at 537). Thus, regardless of whether these OSHA violations occurred and whether Square D was aware of them, this court does not find that this evidence demonstrates that Square D's conduct "was the only

- 24 -

proximate cause of plaintiff's damages," Chumbley, 521 N.W.2d at 193.

Second, contrary to Defendant's arguments that the expert testimony establishes that "the failure of . . . Square D[] to institute asbestos safety precautions goes beyond OSHA violations," (Def.'s Reply (Doc. 126) at 6), this court finds that it is too speculative to determine at this stage what effect, if any, this alleged failure had on Mrs. Reed's injury.

Several witnesses described dust as being a constant presence in the plant. Mrs. Reed referred to it as a "haze," (Doc. 125-1 at 11). Other co-workers described it as "smoke," (Doc. 125-2 at 8); "[a] lot of dust," (Doc. 125-3 at 5); and "[a] big bunch of dust," (Doc. 125-4 at 7). Even if Defendant is correct that "there were numerous steps that Square D could have taken to protect Ms. Reed from asbestos inhalation," (Def.'s Br. (Doc. 124) at 5), the evidence presented is insufficient for a reasonable jury to conclude that these safety measures would have eliminated the risk to Plaintiff, such that Square D's failure to adopt these safety measures is "the only proximate cause of plaintiff's damages." Chumbley, 521 N.W.2d at 193 (emphasis added). Instead, a reasonable jury could find based on the amount of dust in the air that Square D was not the only

proximate cause of Mrs. Reed's injury, and instead, that
Defendant's products were a proximate cause.

For these reasons, even if this court were to permit
Defendant to raise the sole proximate cause defense, it appears
to the court on the record that there are genuine issues of fact
remaining that must be resolved at trial regarding the role, if
any, that Square D's conduct played in Mrs. Reed's injury. See
McLean v. Patten Cmtys., Inc., 332 F.3d 714, 718-19 (4th Cir.
2003).

C.    **Questions Remaining for Trial**

This court recognizes that, despite having found that the
Iowa Supreme Court would not recognize the sole proximate cause
defense following its decision in Kaczinski, there are still
tensions remaining between the arguments advanced by Defendant
as to whether Square D's conduct negates Defendant's liability
and the current state of Iowa law.

Although not raised by the parties with regard to this
motion for summary judgment, Iowa law has historically permitted
parties to raise arguments regarding superseding and intervening
causes. See State v. Henning, 545 N.W.2d 322, 325 (Iowa 1996);
see also Iowa Civil Jury Instructions § 700.6,
https://cdn.ymaws.com/sites/www.iowabar.org/resource/resmgr/
files/Linked_12-17_Civil_Jury_Inst.pdf (last visited Apr. 12,

- 26 -

2021). However, it is not clear under Iowa law whether the concept of intervening and superseding causes survived the Iowa Supreme Court's adoption of the Restatement (Third), as the Iowa Supreme Court has previously grounded its analysis in a conception of causation based on the Restatement (Second) of Torts. See, e.g., Henning, 545 N.W.2d at 325 (citing Restatement (Second) of Torts §§ 440, 441).

Moreover, to the extent that the Iowa Supreme Court would continue to recognize the concept of intervening and superseding causes after Kaczinski, it appears to this court that there is at least an argument that, in evaluating various causes and their impact on liability, this analysis is to be done in accordance with the "scope of liability" test articulated by the Restatement (Third). In a section titled, "Intervening Acts and Superseding Causes" within the Restatement (Third), the drafters state "[w]hen a force of nature or an independent act is also a factual cause of harm, an actor's liability is limited to those harms that result from the risks that made the actor's conduct tortious." Restatement (Third) of Torts: Phys. & Emot. Harm § 34 (2010). This language mirrors that of "scope of liability," which states that "[a]n actor's liability is limited to those harms that result from the risks that made the actor's conduct tortious." Id. § 29.

Case 1:18-cv-00720-WO-JLW   Document 133   Filed 04/16/21   Page 27 of 28

This court advises the parties of these matters because this court will need to formulate jury instructions, and it does not appear to this court that this opinion addresses the analysis necessary to resolve these potentially complex issues that may be presented during the course of the charge conference. This court anticipates holding a pre-trial charge conference in an effort to hear from the parties and resolve these issues. The Iowa Supreme Court does accept certified questions of law from federal district courts, Iowa Code § 684A.1 (2021), if the parties wish to consider that possibility.

IV. **CONCLUSION**

For the reasons set forth above, this court finds that Defendant's Motion for Summary Judgment, (Doc. 123), will be denied as to all claims.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment, (Doc. 123), is **DENIED WITHOUT PREJUDICE.**

This the 15th day of April, 2021.

William L. Osteen, Jr.
United States District Judge